**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr. (MV 4219)
Raymond M. Patella (RP 6161)
Brian R. Isen (BI 9738)
1301 Atlantic Ave, Suite 400
Atlantic City, NJ 08401
609-348-4515/fax 609-348-6834
mviscount@foxrothschild.com
rpatella@foxrothschild.com
bisen@foxrothschild.com
*Attorneys for the Debtor
and Debtor-in-Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: <br><br> OYSTER CREEK INN, INC. <br><br> Debtor. | Chapter 11 <br><br> Case No. 13-22624 (GMB) |

### DEBTOR'S RESPONSE TO MOTION TO DISMISS CHAPTER 11 OR CONVERT TO CHAPTER 7

Oyster Creek Inn, Inc. (the "Debtor"), by and through its counsel, Fox Rothschild LLP, hereby files its response to the Motion to Dismiss Chapter 11 or Convert to Chapter 7 (the "Motion") filed by Richard Simon Trustee ("Simon") and respectfully represents as follows:

1. On June 6, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the Bankruptcy Code.

2. The Debtor owns and operates a restaurant in Leeds Point, New Jersey.

3. Simon and the Debtor entered into a Lease Agreement on December 11, 2012 for the lease of the premises located at 41 Oyster Creek Road, Leeds Point, New Jersey 08220. The

Lease Agreement purportedly requires that that the Debtor reimburse Simon for the purchase of the Simon's general liability insurance.

4. On November 21, 2013, Simon filed the Motion.

5. Simon contends that the Debtor has failed to maintain adequate insurance and as a result, this Court should dismiss or convert this case to chapter 7.

6. First, Simon alleges that the Debtor has failed to maintain "the Tenant's own general liability insurance as of November 4, 2013." See Statement of Counsel, ¶ 5. Simon provides a Notice of Cancellation of Insurance Coverage related to Policy No. TARNJ60483-00 (the "Debtor's Policy").

7. Prior to cancellation of the Debtor's Policy, the Debtor submitted the required payment, and the Debtor's Policy remains in full force and effect. Attached hereto as Exhibit "A" is proof of the reinstatement of the Debtor's Policy. Therefore, Simon's allegation with respect to the Debtor's Policy is moot.

8. Second, Simon alleges that the "landlord's general liability insurance policy would be cancelled unless the Tenant effectuated certain repairs on or before November 15, 2013." See Statement of Counsel, ¶ 6. Simon provides Notice of Cancellation of Insurance related to Policy No PL130626 (the "Landlord's Policy").

9. The reason for the alleged cancellation of the Landlord's Policy was the failure to undertake the following repairs: (1) COMMERCIAL SYSTEM EXHAUST SYSTEM CLEANING; (2) COMMERCIAL KITCHEN FIRE SUPPRESSION SYSTEM SERVICE; (3) WET FIRE SUPPRESSION SYSTEM INSTALLATION; and (4) SKID RESISTANT FLOOR MATS. The Debtor has since addressed all servicing and cleaning required to reinstate the

Landlord's Policy and awaits an inspection by the insurance company or confirmation from them that it is satisfied.

10. In any event, the failure to timely service certain items at the Debtor's leased place of business does not constitute "cause" to either convert or dismiss this case. It is Simon that has the insurable interest in the property it now owns and controls, not the Debtor. Its failure to maintain any insurance on property it owns is its own risk. The Lease between Simon and the Debtor may have a contractual provision requiring the Debtor to maintain or pay for insurance, but at best, Simon is limited to come before this court with a request for contractual remedies for a specific issue (just like any other provision of the Lease) including a motion to compel assumption or rejection of the Lease. However, conversion or dismissal of the case is not a proper remedy.

WHEREFORE, the Debtor respectfully requests the entry of an order denying the Motion and such other and further relief as the Court deems just and proper.

          **FOX ROTHSCHILD LLP**
          (Formed in the Commonwealth of Pennsylvania)

          *Counsel for Debtor and Debtor-in-Possession*

          By:   /s/ Brian R. Isen
                 Brian Isen

Dated: December 10, 2013